**SAO**
James J. Pisanelli, Bar No. 4027
JJP@pisanellibice.com
Jarrod L. Rickard, Bar No. 10203
JLR@pisanellibice.com
PISANELLI BICE PLLC
400 S. 7th Street, Suite 300
Las Vegas, Nevada  89101
Telephone:  702.214.2100
Facsimile:   702.214.2101

Attorneys for Non-Party Wynn Las Vegas, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SOUTHERN WINE & SPIRITS OF AMERICA INC., a foreign corporation doing business as SOUTHERN WINE & SPIRITS OF NEVADA,<br><br>                               Plaintiff,<br><br>v.<br><br>DANIELLE PRICE, and individual; MICHAEL PRICE, an individual; BARRIQUE INTERNATIONAL, LLC,  a dissolved Nevada limited liability company; and DOES 1 through X inclusive,<br><br>                               Defendants. | 2:14-cv-00388-JCM-PAL<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

Plaintiff Southern Wine & Spirits of America Inc., doing business as Southern Wine & Spirits of Nevada ("Plaintiff"), Defendants Danielle Price, Michael Price, and Barrique International LLC ("Defendants"), and Non-Party Wynn Las Vegas, LLC ("Wynn"), by and through their undersigned counsel, hereby stipulate and agree, subject to this Court's approval, to the following:

WHEREAS, Plaintiff and Defendants served Subpoenas Duces Tecum ("Subpoenas") on Wynn requesting the production of certain information in relation to the above-referenced matter;

WHEREAS, the scope of the Subpoenas include certain confidential and sensitive business information;

WHEREAS, Wynn desires to maintain the confidentiality of this information by entering into a Confidentiality and Protective Order with Plaintiff and Defendants;

THEREFORE, the parties to this Stipulated Confidentiality and Protective Order all agree to be governed by and subject to the terms and conditions set forth herein:

1. **Confidential Information.** In providing or revealing materials, Wynn may designate as "CONFIDENTIAL" the whole or the part of material which constitutes trade secrets, know-how, proprietary data, marketing information, contracts, financial information, security information, confidential employee information, surveillance information, and/or similar commercially sensitive business and/or employee information or data which Wynn in good faith believes in fact is confidential or that unprotected disclosures might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly-available documents, materials or devices.

2. **Designation of Confidential Information.** If Wynn determines that any of its documents or things or responses produced in this action should be designated as provided in Section 1 and, therefore, constitute "Confidential Information," it shall advise the other party ("Receiving Party") who has received such information of this fact, and all copies of such document, or things or response to portions thereof deemed to be Confidential shall be marked "CONFIDENTIAL" at the expense of Wynn and treated accordingly by the Receiving Party.

3. **Use of Confidential Information.** All Confidential Information designated or marked as provided herein shall be used by the Receiving Party solely for the purposes of this lawsuit, and shall not be disclosed to anyone other than those persons identified herein in Section 4 or 5 and shall be handled in the matter set forth herein until such designation is removed by the Wynn or by order of the Court. Such Confidential Information shall not be used by any Receiving Party or other person granted access thereto under this Stipulated Confidentiality and Protective Order for any purpose, including, but not limited to, a business or competitive purpose. Nothing herein shall preclude Wynn from using its own Confidential Information.

4. **Disclosure of Confidential Information.** Confidential Information produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

5288225_1

(a) Retained counsel and in-house counsel for a party (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

(b) A party, or officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(c) Outside experts or consultants (together with clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(d) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a party or its counsel in these proceedings;

(e) The Court and its staff and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with this lawsuit;

(f) Court reporter(s) and videographers(s) employed in this action; and

(g) Any other person as to whom the parties agree in writing or that the Court in these proceedings designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (e) and (g) of section 4 shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Stipulated Confidentiality and Protective Order, and that any violation of this Stipulated Confidentiality and Protective Order may result in the imposition of such sanctions as the Court deems proper.

5. **Filing of Confidential Information with the Court.** Any documents which have been designated as containing Confidential Information or any pleading or memorandum reproducing or containing such information shall be filed with the Court under seal and, if necessary, accompanied by an appropriate motion for leave to file under seal in conformance with any applicable Federal or Local rules.

5288225_1

1    6.    **Copies, Summaries or Abstracts.**  Any copies, explicit summaries or abstracts, or exact duplications of Confidential Information shall be marked "CONFIDENTIAL" and shall be considered Confidential Information subject to the terms and conditions of this Stipulated Confidentiality and Order.

7.    **Designation of Confidential Information.**  Documents and other discovery materials (or portions thereof) constituting, comprising, containing or referring to Confidential Information, in whole or in part, shall be identified by being marked or stamped as "CONFIDENTIAL".  With respect to a multi-page document that contains Confidential Information, the designation should be made, to the extent possible, on each page of the document.  If designation in this manner is impossible or impractical, Wynn may use such other method of designation as is reasonable under the circumstances.

8.    **Challenges to Designations.**  Any party may object to Wynn's designation of Confidential Information on the ground that such information does not constitute Confidential Information by serving written notice upon Wynn's counsel within thirty (30) calendar days of the date the item(s) was produced, specifying the item(s) in question and the grounds for the objection.  If a party objects to the designation of any materials as Confidential Information, counsel shall arrange for a meet and confer conference to be held within ten (10) calendar days of receipt of a written objection to the designation to attempt to informally resolve the dispute.  If the parties cannot resolve the matter, any party may file a motion with the Court to resolve the dispute.  Such motions must be filed within ten (10) calendar days of the meet and confer conference.  This Protective Order will not affect the burden of proof on any such motion, or impose any burdens upon any party that would not exist had the Protective Order not been entered. Any contested information shall continue to be treated as confidential and subject to this Protective Order until such time as such motion has been ruled upon.

9.    **Use in Court.**  In the event that any Confidential Information is used in any pretrial Court proceeding in this action, it shall not lose its confidential status throughout such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.  Nothing in this Stipulated Confidentiality and Protective Order, or designations of

5288225_1

1 confidentiality hereunder, shall in any way affect the treatment of Confidential Information at the
2 trial of this action.

3       10.    **Other Actions and Proceedings.**  If a Receiving Party (a) is subpoenaed in
4 another action or proceeding, (b) is served with a demand in another action or proceeding in
5 which it is a party, or (c) is served with any legal process by one not a party to this Stipulated
6 Confidentiality and Protective Order, seeking discovery materials which were produced or
7 designated as Confidential Information pursuant to this Stipulated Confidentiality and Protective
8 Order, the Receiving Party shall give prompt actual written notice by hand or facsimile
9 transmission to Wynn within five (5) business days of receipt of such subpoena, demand or legal
10 process or such shorter notice as may be required to provide Wynn with the opportunity to object
11 to the immediate production of the requested discovery materials to the extent permitted by law.
12 Should the person seeking access to Confidential Discovery Materials take action against the
13 Receiving Party or anyone else covered by this Stipulation and Order to enforce such a
14 subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the
15 existence of this Stipulated Confidentiality and Protective Order.

28 / / /

5288225_1

11. **Order Survives Termination.** This Order shall survive termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

DATED this 28th day of January, 2015     DATED this 28th day of January, 2015

PISANELLI BICE, PLLC                     LEWIS ROCA ROTHGERBER, LLP

  /s/ Jarrod L. Rickard                    /s/ Kristen Martini
James J. Pisanelli, Esq., Bar No. 4027   E. Leif Reid, Esq.
Jarrod L. Rickard, Esq., Bar No. 10203   Kristen Martini, Esq.
400 S. 7th Street, Suite 300             3993 Howard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89101                  Las Vegas, Nevada 89169

*Attorneys for Non-Party Wynn Las Vegas, LLC*    *Attorneys for Plaintiff*


DATED this 28th day of January, 2015

HEJMANOWSKI & McCREA

  /s/ Paul Hejmanowski
Paul Hejmanowski, Esq.
520 S. Fourth Street, Suite 320
Las Vegas, Nevada 89101

*Attorneys for Defendants*

**IT IS SO ORDERED**

_____
HONORABLE PEGGY A. LEEN


February 3, 2015
DATED:

5288225_1