UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SOUTHERN WINE & SPIRITS OF AMERICA, INC.,<br><br>Plaintiff,<br>v.<br>DANIELLE PRICE, et al.,<br><br>Defendants. | Case No. 2:14-cv-00388-JCM-PAL<br><br>ORDER<br><br>(Mot Extend Time – Dkt. #57) |

Before the court is Plaintiff's Motion to Extend Discovery Cutoff and Related Deadlines and Request for Judicial Notice (Dkt. #57). The court has considered the Motion, Defendants' Opposition (Dkt. #58), Plaintiff's Reply (Dkt. #63) and the arguments of counsel at a hearing conducted February 10, 2015. Leif Reid and Kristen Martini were present on behalf of Plaintiff. Paul Hejmanowski was present on behalf of Defendants.

**BACKGROUND**

The Complaint in this case was filed in state court and removed (Dkt. #1) March 14, 2014. Plaintiff Southern Wine & Spirits of America, Inc. ("Southern Wine") alleges that it is the exclusive wholesaler of various wines and liquors within the State of Nevada and that while Defendant Danielle Price was employed with Wynn Resorts, the Defendants unlawfully supplied wines and liquors to Imperial Wine Wholesalers and caused Wynn to unlawfully purchase several brands of wine and liquors from Imperial for which Southern Wine had been granted exclusive rights of distribution and importation in the State of Nevada. The complaint asserts claims for: (1) breach of Plaintiff's statutory rights under Chapter 369 of Nevada Revised Statutes; (2) intentional interference with contract or prospective economic advantage; (3) unfair competition; (4) conspiracy/concert of action; (5) declaratory relief and injunction. The case was

removed on diversity jurisdiction grounds and the removal petition indicates Plaintiff made a $250,000 pre-complaint demand on the Defendants.

An initial Discovery Plan and Scheduling Order (Dkt. #19) was entered which established an October 10, 2014, discovery cutoff and related deadlines consistent with LR 26-1(e). On June 30, 2014, the parties submitted a Stipulation and Proposed Order Requesting a 60-day Stay of Discovery Pending Settlement (Dkt. #35). In the stipulation, the parties advised the court that on June 24, 2014, they were able to settle this matter "subject to documentation of the terms of the settlement." The parties requested, and received, a 60-day stay to enable them to memorialize their written settlement agreement. The Order (Dkt. #36) approving the stipulation set the matter for a status conference on September 9, 2014, at 10:00 a.m., if the matter had not yet been dismissed.

At the September 9, 2014, status conference counsel for the parties advised the court that they were at an impasse and their settlement negotiations had halted. *See* Minutes of Proceedings (Dkt. #40). Plaintiff's counsel requested that the court reinstate discovery. The court heard representations of counsel regarding their individual discovery needs. Plaintiff indicated it intended to retain a damages expert and expected to take eight to ten depositions. Defendants indicated they would propound written discovery and take an additional eight to ten depositions. Defense counsel requested a settlement conference. Plaintiff's counsel did not oppose setting a settlement conference, but wished to proceed with discovery. Plaintiff's counsel requested 120 days to complete discovery, and defense counsel asked for 180 days because document productions were expected to be voluminous and would need to be reviewed before depositions were taken. Both sides requested a settlement conference after the close of discovery. The court entered a Discovery Plan and Scheduling Order (Dkt. #39) giving the parties 150 days to complete discovery measured from the date of the hearing. The court also entered a separate Order (Dkt. #38) scheduling a settlement conference for February 11, 2015, after the close of discovery.

///

///

**DISCUSSION**

In the current motion, Plaintiff seeks a 30-day extension of the discovery plan and scheduling order deadlines to take the depositions of additional non-party witnesses, including several Wynn representatives and Defendants' rebuttal expert witness. Plaintiff also anticipates the possibility of needing to take additional depositions based on the Wynn's production of documents responsive to a subpoena duces tecum Plaintiff served on Wynn. The motion does not indicate when the subpoena was served. The motion represents that discovery could not be completed within time limits set in the court's September 11, 2014, scheduling order because counsel for Plaintiff would be unavailable for the latter part of January and early February as the result of a serious injury sustained by his father which required his assistance and care during his father's recovery in Washington D.C. The motion requests the court take judicial notice of the fact that his father is Senate Minority Leader Harry M. Reid, as that he had a well-publicized serious accident while exercising on January 1, 2015, in his Las Vegas home. Plaintiff asks that the February 6, 2015, discovery cutoff be extended until March 9, 2015, and that the date for filing dispositive motions be extended from March 8, 2015, to April 7, 2015.

Defendants oppose the motion arguing that the foundation of Plaintiff's complaint, pled largely information and belief, was that Defendant Danielle Price acted outside the scope of her authority and agency as the Director of Wine For Wynn Las Vegas and Encore and caused Wynn and Encore to purchase illegally imported brands for the Defendants' benefit. Thus, it should come as no surprise that representatives of Wynn Las Vegas and Encore were at least potential witnesses, and Plaintiff's own initial disclosures name a Wynn Resorts PMK as an individual likely to have discoverable information. Nevertheless, Plaintiff took no action to depose anyone at Wynn until "this last ditch effort" to extend discovery. The motion was filed on the 127th day of the 150 days the court allowed to complete discovery.

The motion is based on the unavailability of counsel for Plaintiff the latter part of January and early-February, as a result of a serious injury sustained by his father. However, Defendants argue that media accounts suggest that Senator Reid has returned to Washington, D.C. and has been conducting business from his home. Although the Defendants sympathize with Senator

3

Reid and his son and wish the Senator prompt full recovery, they object to a further continuance of the discovery in this case based on the Senator's unfortunate accident.

At the hearing, the court inquired of counsel for Plaintiff what specific discovery remained to be completed. Mr. Reid indicated that a subpoena duces tecum had been served on Wynn and Wynn had responded and produced documents, but had not produced a "Stern" report. The Stern report relates an investigation Wynn conducted of Defendant Danielle Price. Wynn asserted confidentiality objections to producing the document to Plaintiff, but forwarded a copy to counsel for Defendants. The confidentiality objections were based on terms of a settlement reached between Wynn and Ms. Price. Counsel for Plaintiff believes that the Wynn investigated allegations that Ms. Price sold counterfeit wines while in Wynn's employ, and counsel for Plaintiff believes these allegations may be relevant to his client's claims in this case. Counsel for Plaintiff was not aware whether the report indicates any of the counterfeit wines Wynn may have investigated involved wines for which his client had exclusive rights. Counsel for Plaintiff seeks an extension of the discovery cutoff to obtain the report, and depose persons knowledgeable about the investigation to determine whether Plaintiff has any claims against Danielle Price related to the sale or distribution of counterfeit wines.

At the hearing, counsel for Defendants indicated he had not yet seen the Stern report. However, he argued that the complaint allegations in this case had nothing to do with allegations that Danielle Price sold counterfeit wines and opposed any extension of the discovery cutoff to pursue such a claim.

The court directed that counsel for Defendants submit the Stern report to the court *in camera* to avoid further motion practice as counsel for Plaintiff indicated that he would file a motion to compel if the Stern report was not produced. Mr. Hejmanowski delivered the report *in camera* the same day. The court has now reviewed the report. The report references a February 2006 purchase of wine. It does not involve any of the wine and/or liquor brands Plaintiff claims to have the exclusive rights to import and wholesale within the State of Nevada according to Paragraph 10 of the complaint.

1  The complaint alleges that the Defendants violated various provisions of Chapter 369 of the Nevada Revised Statutes by developing and implementing a scheme to bypass Nevada liquor laws to sell wines to one or more retailers.  It claims that this conduct violated the Plaintiff's exclusive rights and Nevada's primary source law.  It also claims that Defendants obtained wines from sources other than Southern Wine and provided them to Imperial for sale in Nevada, in an attempt to circumvent a statute prohibiting an undesignated importer from purchasing alcohol from any source other than the importer designated by the liquor producer.  Finally, it alleges that Defendants caused a retailer to purchase illegally imported wines in violation of NRS 369.488.  This conduct is alleged to have occurred between 2006 and 2010.

A discovery plan and scheduling order may be modified before the expiration of the deadlines and before the final pretrial order upon a showing of "good cause." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The good cause standard "primarily considers the diligence of the party seeking the amendment."  975 F.2d at 609.  The district court may modify a scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*.  Carelessness "is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id*.  Finally, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reason for seeking modification." *Id*.  If the party seeking the extension was not diligent, "the inquiry should end." *Id*.  The court finds the Plaintiff has not been diligent in pursuing its discovery with respect to Wynn.

The court also finds that the investigation of the 2006 wine purchase discussed in the Stern report is not sufficiently related to the complaint allegations to allow Plaintiff to reopen and conduct additional discovery at this late stage of the case.  Counsel was not able to tell the court when the subpoena duces tecum was served on Wynn or to provide a satisfactory explanation for why discovery from Wynn was not requested earlier.  The allegations of the complaint involve claims the Defendants engaged in conduct while Ms. Price was employed as

the Director of Wine by Wynn that infringed Plaintiff's exclusive rights and violated Nevada liquor laws.

The court will not compel counsel for the Defendants or Wynn to produce a copy of the report or extend discovery to allow Plaintiff to conduct additional discovery on its subject matter. Plaintiff was not reasonably diligent in attempting to complete discovery within the extended time the court allowed in this case. The Plaintiff requested 120 days at the September 2014 status conference to complete discovery. The court gave the parties 150 days and Plaintiff did not initiate the discovery needed to obtain information from Wynn for months. Plaintiff's complaint allegations are based on conduct Ms. Price allegedly engaged in while she was in the employ of Wynn and Encore. Thus, counsel for Plaintiff has been aware since prior to initiating the lawsuit that discovery from Wynn may be required.

Finally, at the hearing, the court pointed out that there was a pending motion to compel which was set for hearing March 17, 2015, shortly after briefing of the motion would expire. The settlement conference was scheduled the day after the hearing and had been set for many months. The court inquired whether counsel would prefer to proceed with the settlement conference the following day or await the outcome of the motion to compel. Counsel conferred and asked that the court vacate and reschedule the settlement conference until after decision of the motion and, extend the deadline for filing dispositive motions until after the continued settlement conference.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. Plaintiff's Motion to Extend Discovery Cutoff and Related Deadlines (Dkt. #57) is **DENIED**.

2. The settlement conference scheduled for February 11, 2015, is **VACATED** and **RESCHEDULED** to the next available day on the court's calendar convenient to counsel, **Thursday, April 2, 2015, at 1:30 p.m.** The parties have already submitted confidential settlement memoranda and need not, but may, submit any supplemental

memoranda if there is additional information either side believes the court should know before the settlement conference.

3. The deadline for filing dispositive motions is extended until **May 2, 2015**.

4. The deadline for filing the joint pretrial order is **June 1, 2015.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

DATED this 13th day of February, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE