UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SOUTHERN WINE & SPIRITS OF AMERICA, INC.,, <br><br> Plaintiff, <br><br> v. <br><br> DANIELLE PRICE, et al., <br><br> Defendants. | Case No. 2:14-cv-00388-JCM-PAL <br><br> ORDER |

This matter is before the court on the parties' disputes about the terms of the Settlement and Release Agreement negotiated at the mandatory settlement conference the court conducted on April 2, 2015.

**The April 2, 2015 Settlement Conference**

On April 2, 2015, the court conducted a mandatory settlement conference at the request of counsel. The Order Scheduling the Settlement Conference (Dkt. #38) required all counsel of record who would be participating in the trial and who have full authority to settle this case as well as all individual parties and an officer or representative with binding authority on behalf of the corporate parties to be present for the duration of the conference. E. Leif Reid and Kristen Martini, counsel for Plaintiff, and Clement Kong, General Counsel, appeared on behalf of Plaintiff. Mr. Kong represented he had full settlement authority on behalf of the Plaintiff. Paul Hejmanowski and Defendants Danielle Price and Michael Price were also present, and authorized to resolve this case on behalf of Defendant Barrique International, LLC, a dissolved limited liability company.

Both sides agree that a binding and enforceable settlement was reached on terms contained in the attachment to Mr. Reid's September 4, 2014, email to Mr. Hejmanowski with the exception of terms negotiated at the April 2, 2015 settlement conference. The court

1

addressed the essential terms of the settlement agreement with counsel for both sides in chambers at the conclusion of the settlement conference. The court stated the essential terms and asked counsel for each side whether the court had accurately stated the settlement terms. Counsel for both sides agreed the court's summary was accurate. The court also inquired of counsel for both sides whether there were any additional essential terms to the settlement agreement that the court had not summarized. Counsel for both sides responded that there were no additional essential terms the court had not summarized. Both sides requested and agreed that I retain jurisdiction to resolve any disputes in finalizing the written settlement release and agreement memorializing settlement terms. Both sides assured the court that it was unlikely the court's intervention would be required, and that counsel would be able to finalize their agreement.

Unfortunately, the parties were unable to agree on final language of the draft agreement. The court conducted a telephonic status check on April 16, 2015. Before the telephonic status conference, counsel for both sides delivered copies of draft proposed agreements that had been exchanged and correspondence and emails exchanged in their efforts to finalize the settlement and release agreement reached during the settlement conference.

**The April 16, 2015 Telephonic Status Conference**

During the telephonic status conference on April 16, 2015, counsel for each side discussed their disputes and their respective positions. The parties' disagreements were too complex for the court to resolve in the limited time available before entering the telephonic conference. I therefore advised counsel that I would review the drafts and set the matter for hearing to rule on the parties' disputes over settlement terms. Minutes of Proceedings (Dkt. #83) were entered summarizing the conference call and set a hearing for April 21, 2015, at 11:00 a.m.

**The April 21, 2015 Hearing**

At the April 21, 2015 hearing, E. Leif Reid and Kristen Martini appeared on behalf of the Plaintiff. Paul Hejmanowski and Michael Price appeared on behalf of the Defendants. The court stated on the record that the parties had agreed as follows: (1) the parties had agreed they had reached a binding and enforceable settlement at the April 2, 2015, settlement conference; (2) the

2

draft agreement attached to Mr. Reid's September 4, 2015, email memorialized the parties' agreement with the exception of settlement terms negotiated at the settlement conference which were summarized by the court; (3) that the court would retain jurisdiction to resolve any disputes on settlement terms; (4) that the essential terms were summarized by the court in chambers, and that each side agreed that the essential terms stated were, in fact, the terms of the settlement agreement; and (5) there were no other essential terms of the settlement the court did not summarize in chambers.

The court afforded counsel an opportunity to make a record if there was any dispute about the court's summarization of the record. Neither side made any additional representations on the record and submitted the matter to me for decision. The court advised counsel that an order would be entered attaching the settlement and release agreement which resolved the parties' disputes and was the form of agreement the court determined the parties had reached during the April 2, 2015, settlement conference.

Having reviewed and considered the parties' submissions to the court in chambers prior to the April 16, 2015, telephonic status conference, and the arguments of counsel during the status conference, the court finds that:

1. The parties reached a binding and enforceable settlement at the April 2, 2015, settlement conference.
2. A settlement was reached on terms contained in the attachment to Mr. Reid's September 4, 2014, email with the exception of terms negotiated at the settlement conference, which the court summarized for both sides.
3. Both sides agreed that the court accurately summarized the essential negotiated terms of the settlement at the conclusion of the settlement conference on April 2, 2015.
4. Both sides agreed that there were no additional essential terms which the court had not summarized at the conclusion of the settlement conference.
5. Both sides requested that I retain jurisdiction to resolve any disputes about the settlement terms, and agreed that I would have the final decision-making authority over any such disputes.

6. The Settlement and Release Agreement attached as Exhibit A to this order is the binding and enforceable settlement and release agreement the parties agreed to at the settlement conference on April 2, 2015.

**IT IS ORDERED** that:

1. The parties shall have until **May 5, 2015**, to execute the Settlement and Release Agreement in the form attached as Exhibit A to this order.
2. Defendants shall have until **May 19, 2015**, in which to deliver a check in the sum of $25,000.00 payable to Southern Wine & Spirits, in care of the law firm of Lewis, Roca, Rothgerber LLP, 50 W. Liberty St., Ste. 410, Reno, Nevada 89501.
3. The Defendants shall have until **May 19, 2015**, in which to deliver a check in the sum of $25,000 payable to the organization of Keep Memory Alive, 888 W. Bonneville, Las Vegas, Nevada 89106.
4. The parties shall have until **May 19, 2015,** to file a stipulation for dismissal with prejudice.

DATED this 22nd day of April, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4

# EXHIBIT A

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is effective as of this ____ day of April, 2015 ("Effective Date"), by and between SOUTHERN WINE & SPIRITS OF AMERICA, INC., d/b/a SOUTHERN WINE & SPIRITS OF NEVADA ("SW&S"), and DANIELLE PRICE, an individual, and MICHAEL PRICE, an individual (collectively, the "Prices"). This Agreement shall also cover BARRIQUE INTERNATIONAL LLC ("Barrique"), a dissolved Nevada limited liability company (Barrique and the Prices collectively, the "Price Entities"). Each of the foregoing may be referred to as a "Party", and collectively referred to hereafter as "the Parties."

The Parties now wish to fully and to finally avoid further costs of litigation and to compromise and settle any and all claims, controversies and disputes between them based on, derived from, related to, or that could have been alleged in the "Action" (as defined below) and the damages allegedly sustained by the Parties, including without limitation, all past and present claims asserted or unasserted, known or unknown, based on, derived from, or related to any of the allegations within the Action and agree as follows:

## RECITALS

WHEREAS, on or about November 15, 2013, SW&S, by and through its counsel of record, Lewis Roca Rothgerber LLP, filed a formal Complaint alleging causes of action for breach of statutory rights, intentional interference with contract or prospective economic advantage, unfair competition, and accounting/declaratory relief/injunction. Said Complaint was filed in the Eighth Judicial District Court, County of Clark, State of Nevada, Case Number A-13-691758-C. On or about March 14, 2014, Defendants Danielle Price and Michael Price filed an Answer disputing any and all allegations of SW&S, and a Petition for Removal to the United States District Court, District of Nevada. On May 21, 2014, the Prices filed a First Amended Answer, and on April 18, 2014, Barrique filed an Answer, both disputing any and all allegations of SW&S with the United States District Court, District of Nevada. The case is currently pending in the United States District Court, District of Nevada, as Case No. 2:14-cv-00388-JCM-PAL ("the Action").

WHEREAS the Price Entities agree that SW&S, d/b/a Southern Wine and Spirits of Nevada, and as Comstock Wine & Spirits and J & P Wholesale, have whatever exclusive rights granted to it, pursuant to contract and Nevada law, including Nevada Revised Statutes Chapters 369 and 597, over brands of wine listed in Liquor Wholesaler Designation and Acceptance Forms ("LT08s") that SW&S has filed with the Nevada Department of Taxation, including, but not limited to, the brands listed in the attached as Exhibit "A";

WHEREAS SW&S may, from time to time, designate additional or different wines and liquors as to which SW&S has LT08s, and such LT08s are filed with the Nevada Department of Taxation, and which will be covered by this Agreement by supplementing Exhibit "A" with the additional LT08s (the "Supplemental Lists") by written notice to the Prices, sent to Danielle Price and Michael Price at P.O. Box 2216, Sausalito, California 94966, or such other address as the Prices may designate from time to time. Any such Supplemental Lists shall identify any wines for which SW&S no longer has an exclusive right of importation and distribution.

## **AGREEMENT**

In consideration of the mutual promises and undertakings set forth in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

**1.** **Adoption of Recitals.** The recitals set forth above are hereby adopted and made a part of this Agreement and are incorporated herein by this reference.

**2.** **Execution of Documents.** The Parties agree to execute any documents and pleadings necessary to effectuate and carry out the purpose and intent of this Agreement, including without limitation those necessary to dismiss the Action with prejudice as specified in Section 3.6 below, or to evidence anything contained herein.

**3.** **Settlement Terms.**

**3.1** In full, complete, and final settlement, the Prices, jointly or severally, shall pay, through its attorney of record, monetary consideration as follows:

**A.** the sum of TWENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($25,000.00), paid to SW&S in care of the law firm of Lewis Roca Rothgerber LLP, 50 W. Liberty Street, Suite 410, Reno, Nevada 89501, within fourteen (14) days of the execution of this Agreement;

**B.** the sum of the sum of TWENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($25,000.00), paid to the organization of Keep Memory Alive, 888 W. Bonneville Avenue, Las Vegas, Nevada 89106 (check payable to Keep Memory Alive), within fourteen (14) days of the execution of this Agreement;

**C.** the sum of TWENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($25,000.00), paid to SW&S in care of the law firm of Lewis Roca Rothgerber LLP, 50 W. Liberty Street, Suite 410, Reno, Nevada 89501, no later than the one-year anniversary of the Effective Date of this Agreement; and

**D.** the sum of the sum of TWENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($25,000.00), paid to the organization of Keep Memory Alive, 888 W. Bonneville Avenue, Las Vegas, Nevada 89106 (check payable to Keep Memory Alive), no later than the one-year anniversary of the Effective Date of this Agreement.

**3.2** For a duration of five (5) years from the Effective Date of this Agreement, the Prices, and any of them, and any business entity they own or control, shall not engage in business in the State of Nevada as a wholesaler, importer, or supplier of wine or other liquor, as those terms are defined in NRS Chapter 369 and Chapter 597, in any method or manner whatsoever, including through online sales or otherwise.

**3.3** If, in contravention of Section 3.2, the Prices, or any of them, or any business entity that they own or control, engage in business in the State of Nevada as a wholesaler,

importer, or supplier, as those terms are defined in NRS Chapter 369 and Chapter 597, the Prices or any of them shall be liable to SW&S as liquidated damages, and not as a penalty, in the amount of $1,000 for each case of wine or liquor supplied, imported, or sold in the State of Nevada.

  **3.4**  The Price Entities, or any business entity they own or control, shall not hereafter import into the State of Nevada, whether as a supplier, importer, wholesaler or retailer, as those terms are defined in NRS Chapter 369 and Chapter 597, or through any online business, any wines contained in the LT08s attached as Exhibit "A" or in the Supplemental Lists to be provided by SW&S pursuant to the Recitals above.  The Price Entities, or any of them, or any business entity they own or control, shall not distribute, sell, and/or offer for sale within the State of Nevada, and/or cause to be "cleared" into the State of Nevada through any licensed Nevada wholesaler any wines or liquors listed in the LT08s attached as Exhibit "A," or in the Supplemental Lists to be provided by SW&S pursuant to the Recitals above, unless the Price Entities, or any of them, have purchased the wines or liquors from SW&S or from another wholesaler who purchased the wines or liquors from SW&S in accordance with the provisions of NRS 369.486.

  **3.5**  If, in contravention of this Agreement, the Prices, or any business entity they own or control, knowingly engage in business in Nevada as a wholesaler, importer or supplier of any brand of wine identified in an LT08 attached as Exhibit "A" or listed on the Supplemental Lists to be provided by SW&S pursuant to the Recitals above, or if the Price Entities or any of them, or any business entity they own or control, distributes, sells, offers for sale within the state of Nevada and/or "clears" or causes to be "cleared" into the State of Nevada through a licensed Nevada importer/wholesaler any wine listed on Exhibit "A", or listed on the Supplemental Lists to be provided by SW&S pursuant to the Recitals above, without having purchased said wines or liquors from SW&S or from another wholesaler who purchased the wines or liquors from SW&S in accordance with the provisions of NRS 369.486, the Prices, or any business entity they own or control, shall be liable to SW&S as liquidated damages, and not as a penalty, in an amount not less than $500 for each case of wine.

  **3.6**  **Dismissal.** SW&S shall undertake all necessary action to obtain a Dismissal with Prejudice of all claims against the Price Entities with each side responsible for its own attorneys' fees and costs, as set forth in the Action within fourteen (14) days of the execution of this Agreement ("The Dismissal").

  **4.**  **Release of Claims.**

  **4.1**  In recognition of the consideration to be paid as described above, SW&S and the Price Entities, on their own respective behalves and on behalf of their respective brokers, partners, servants, managers, representatives, agents, officers, directors, shareholders, employees, administrators, predecessors, successors, heirs, executors, affiliates, partnerships, patent corporations, subsidiary corporations and entities, assigns, administrators, attorneys, and agents (collectively, "Agents"), hereby release and forever discharge one another and their respective Agents, and each of them, in their capacity as such and individually, irrevocably and unconditionally release, acquit and forever discharge the other Party, together with all of their Agents of and from any and all claims, promises, agreements, controversies, liabilities, obligations, actions, causes of action, charges, suits, rights, demands, costs, losses, debts, and

expenses (including without limitation attorneys' fees and costs), complaints, and damages, of any nature whatsoever, known or unknown, suspected or unsuspected, whether based on contract, statute or common law, that were alleged, or could have been alleged, in the Action and/or which arise out of or are related to any fact or circumstance alleged, or that could have been alleged by or against each Party in the Action, including without limitation all causes of action sounding in tort, contract, and/or equity (hereinafter the provisions of this paragraph shall be referred to as "Released Matter").  In agreeing to the Released Matter, the Parties agree and stipulate that this settlement is made in good faith.  Nothing in this Agreement shall prevent the Parties from enforcing this Agreement or asserting claims, causes of actions, charges or complaints against the other for any breach(es) of any term of this Agreement.

**4.2** The Parties further acknowledge and agree that these waivers of rights have been separately bargained for and are essential and material terms of this Agreement

**5.** **Miscellaneous Provisions.**

**5.1** **No Admission of Liability.** This Agreement is a compromise of disputed claims and nothing herein (other than the Recitals above) shall be deemed or construed to be an admission or concession of any legal or factual issue, liability or fault with respect to any allegation made in, or related to, any pleading in the Action.  Each Party shall bear its own attorneys' fees and costs in connection with the Action.

**5. 2** **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties hereto.  The Parties acknowledge that this Agreement supersedes all previous and/or contemporaneous negotiations, discussions, understandings, or releases or other Agreements between the Parties, written or oral, between the Parties pertaining to the subject matter hereof, and no evidence of any prior, contemporaneous, or other release or agreement shall be permitted to contradict or vary the terms hereof.

**5.3** **Modifications.** This Agreement may not be altered, amended or modified, or otherwise changed in any respect whatsoever, except in a subsequent writing signed by each of SW&S, Danielle Price, and Michael Price.

**5.4** **No Assignment.** This Agreement shall be binding on, and inure to the benefit of the successors and assigns of the Parties hereto.  Nothing in this Agreement, express or implied, is intended to confer upon any person or entity other than the Parties hereto or their respective successors, heirs, issues and assigns, any rights or benefits under or by reason of this Agreement.  This Agreement shall not be assignable by any Party hereto without the prior written consent of the other Party. The Parties hereby represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person, corporation or other entity any Released Matter pursuant to this Agreement.

**5.5** **Entire Consideration.** The Parties agree that the settlement amount as detailed in Section 3.1 above shall constitute the entire amount of monetary consideration provided under this Agreement and the Parties shall bear their own expenses, including without limitation court costs, legal and expert fees in connection with the Action unless otherwise set forth herein and those fees incurred by them in the negotiation, preparation, and execution of this Agreement.

**5.5    Enforcement.**  If any Party to this Agreement shall institute legal proceedings or assert claims seeking to enforce the terms of this Agreement, the losing or defaulting Party shall pay to the prevailing Party or Parties, the prevailing Party's reasonable attorneys' fees, costs and expenses incurred in connection with the prosecution or defense of such proceeding or claim.

**5.6    Tax Consequences.** The Parties acknowledge that the settlement amount detailed in Section 3.1 may or may not be considered taxable income and may be subject to disclosure to the appropriate taxing authorities. SW&S agrees to pay any federal or state taxes, if any, which are required by law to be paid with respect to the receipt of the abovementioned settlement amount.

**5.7    Governing Law, Jurisdiction and Venue.** This Agreement constitutes and shall be deemed to be a contract made under the laws of the State of Nevada, for any and all purposes and shall be interpreted, construed and enforced in accordance with the substantive laws of the State of Nevada, without regard to conflict or choice of laws. Any dispute relating to or in connection with this Agreement shall be brought exclusively in the United States District Court, District of Nevada – Las Vegas.

**5.8    Construction of Ambiguities.** The Parties expressly state that each of them have consulted with their respective attorneys concerning the terms and conditions of this Settlement Agreement, and that they have been fully advised by such attorneys with respect to their rights and obligations hereunder.

**5.9    Enforceability.** If any provision of this Agreement or the application thereof to any person or circumstance shall be invalid or unenforceable, but the extent of such invalidity or unenforceability does not destroy the basis of the bargain between the Parties as contained herein, the remainder of this Agreement and the application of such provision or provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

**5.10    Representations.** The Parties represent and warrant that they have full power, authority and legal right to execute and deliver, and to perform and observe the provisions of this Agreement.  The execution, delivery, and performance by the Parties of this Agreement have been duly authorized by all necessary legal action and the Parties have obtained any necessary consent, approval of, notice to, or any action by any person, firm corporation, or governmental agency or entity necessary or appropriate to consummate the transaction contemplated hereby.

**5.11    Headings.**  The headings of each paragraph shall not be given any meaning, are not intended to be used to interpret this Agreement, are not to be used to explain, expand, contract or limit the language of this Agreement in any way, and are only included for the purpose of easy reference.

/ / /

/ / /

/ / /

5658510_1

**5.12  Counterparts.** This Agreement may be executed in counterparts if necessary or applicable, each of which shall be deemed an original and shall be deemed duly executed upon the signing of the counterparts by the Parties hereto.  The Parties agree that signatures by facsimile shall have the same force and effect as original signature.

IN WITNESS HEREOF, the undersigned has entered this Agreement as of the Effective Date.

| DANIELLE PRICE | BARRIQUE INTERNATIONAL LLC |
|---|---|
| Signature: _____ | Signature: _____ |
| Print Name: _____ | Print Name: _____ |
| SUBSCRIBED and SWORN to before me this \_\_\_ day of _____, 2015. | Title: _____ |
| _____ NOTARY PUBLIC | SUBSCRIBED and SWORN to before me this \_\_\_ day of _____, 2015. |
| | _____ NOTARY PUBLIC |
| MICHAEL PRICE | SOUTHERN WINE & SPIRITS OF AMERICA, INC., d/b/a SOUTHERN WINE & SPIRITS OF NEVADA |
| Signature: _____ | |
| Print Name: _____ | Signature: _____ |
| SUBSCRIBED and SWORN to before me this \_\_\_ day of _____, 2015. | Print Name: _____ |
| | Title: _____ |
| _____ NOTARY PUBLIC | SUBSCRIBED and SWORN to before me this \_\_\_ day of _____, 2015. |
| | _____ NOTARY PUBLIC |

5658510\_1