Paul Hejmanowski, Bar #94
Hejmanowski & McCrea LLC
520 So. 4th St. #320
Las Vegas, Nevada 89101
Phone: 702-834-6166; Fax: 834-5262
prh@hmlawlv.com

Attorneys for Danielle Price, Michael
Price and Barrique International, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SOUTHERN WINE & SPIRITS OF AMERICA INC., a foreign corporation doing business as SOUTHERN WINE & SPIRITS OF NEVADA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIELLE PRICE, an individual; MICHAEL PRICE, an individual; BARRIQUE INTERNATIONAL, LLC, a dissolved Nevada limited liability Company; and DOES 1 through X, inclusive,<br><br>Defendants. | CASE NO.: 2:14-cv-00388-JCM-PAL<br><br><br>MOTION FOR RECONSIDERATION |

Pursuant to Fed.R.Civ.P. 60, Defendants move the Court to reconsider that portion of its April 22, 2015, Order (Docket #84) which imposes on the Defendants a perpetual restraint on trade as a matter of contract.

STATEMENT OF FACTS

On April 2, 2015, a settlement conference was conducted before Magistrate Judge Leen. Present were representatives of Southern Wine & Spirits of America Inc. ("SWS") and its counsel and Defendants Michael and Danielle Price ("Defendants") and their counsel. The settlement conference extended over the whole of the afternoon.

1

During the course of the negotiations, SWS sought a 10 year ban against the Defendants conducting wine sales in Nevada. The Court advised the parties that five years represented the outside limit of a reasonable duration. Defendants were unwilling to accept a restriction greater than five years. The parties ultimately agreed to the following principal terms:

1. barring the Defendants from conducting wine sales in Nevada for five years;

2. payment of $100,000 according to an agreed upon schedule;

3. a provision for SWS to send form LT08s to Defendants, thereby putting Defendants on notice as to wines for which SWS asserted exclusive distribution rights (this provision is of little consequence until the five year ban expires);

4. explicit recognition by Defendants that any wine business they conduct in Nevada (after the five year ban) would be subject to all applicable statutes and regulations; and

5. both sides request that the Court retain jurisdiction to resolve any disputes concerning the settlement agreement.

Notably absent was any discussion about a perpetual contractual limitation in general or for on-line sales by an out-of-state retailer <u>after</u> the five year ban expired.[1]

At the conclusion of the negotiations, the Court conducted a conference with both parties present and recited the terms that had been negotiated and stated, in effect, that the parties would use the September 4, 2014, draft settlement agreement to the extent not inconsistent with the terms negotiated on April 2, 2015.[2]

The parties were unable to agree on a written settlement agreement. A telephonic status

---

[1] Or a perpetual requirement that, in such instances, the wines would have to be purchased from SWS which, to the extent the Defendants are operating as an out-of-state on-line retailer, would be illegal. SWS cannot sell wine to an out-of-state retailer.

[2] Defendants had a slightly different understanding as to how the September draft was to be used. The Court, however, has ruled against Defendants' interpretation and the Defendants are <u>not</u> revisiting that issue here.

2

conference was conducted on April 16, 2015 (Document #83), at which the Court made a record of the settlement proceedings. Thereafter, on April 22, 2015, the Court entered its order prescribing the form of the settlement agreement to be executed by the parties. This is when the parties first learned that the Court was adopting the form of paragraph 3.4 which is the subject of this Motion for Reconsideration.

## ARGUMENT

Paragraph 3.4, as drafted, includes two separate and distinct concepts. The first is that, if the Defendants conduct wine sales in Nevada in the future, they must comply with NRS Chapters 369 and 597. Defendants do not have any quarrel with this concept.

The second concept is, in effect, a contractual provision which says that the Defendants may never, ever sell a wine subject to the LT08s of Exhibit A unless that wine is purchased from SWS.[3] This later provision is in conflict with the essential terms negotiated at the settlement conference. The parties negotiated extensively over the duration of the ban and ultimately agreed to the five year ban. That marked the limit of what was agreed to at the settlement negotiations and the perpetual contractual part of paragraph 3.4 is inconsistent with those negotiations and with the law applicable to restrictive covenants in restraint of trade.

The Nevada Supreme Court has recognized that, for a restrictive covenant to be enforceable, it must be reasonable. For that determination, "the amount of time the covenant lasts, the territory it covers, and the hardship imposed upon the person restricted are factors for the court to consider in determining whether such a covenant is reasonable." *Jones v. Deeter*, 913 P.2d 1272, 1275, 112 Nev. 291, 296 (1996).

To the same effect is *Camco, Inc v. Baker*, 936 P.2d 829, 113 Nev. 512 (1997). In that case,

---

[3] The parties are still working to refine Exhibit A, which, in its first iteration, listed a number of wines that are not exclusive to SWS.

3

the parties had indisputably entered into a written non-competition agreement. Subsequently, the company sought to enforce the non-competition provision. The defendant asserted that the non-competition agreement to which he had agreed was nonetheless unenforceable. The Court agreed and declared that a restriction against competition for a two year period within 50 miles of the company's present or future locations was unreasonable and unenforceable.

> A restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. The period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement.

*Camco, supra,* at 518, 936 P.2d at 833, quoting *Hansen v. Edwards*, 426 P.2d 792, 793, 83 Nev. 189, 191 (1967).[4]

The contractual limitations of paragraph 3.4 fail under *Camco* because:

1. the limitation is greater than required for the protection of SWS;

2. it imposes undue hardship on the Defendants; and

3. the period of time is unreasonable.

As to the first of these points, SWS is fully protected by NRS Chapters 369 and 597, which

---

[4] *See also* Restatement (Second) of Contracts § 188:

(1) A promise to refrain from competition that imposes a restraint that is ancillary to an otherwise valid transaction or relationship is unreasonably in restraint of trade if

    (a) the restraint is greater than is needed to protect the promisee's legitimate interest, or

    (b) the promisee's need is outweighed by the hardship to the promisor and the likely injury to the public.

(2) Promises imposing retraints that are ancillary to a valid transaction or relationship include the following:

    (a) a promise by the seller of a business not to compete with the buyer in such a way as to injure the value of the business sold;

    (b) a promise by an employee or other agent not to compete with his employer or other principal;

    (c) a promise by a partner not to compete with the partnership.

include significant restrictions and penalties.

As to the second point, the contractual limitation imposes undue hardship on the Defendants because paragraph 3.4 can be read to prohibit Defendants from "competing" with SWS by selling wine as an out-of-state on-line retailer to Nevada consumers after five years, even though every other on-line wine retailer in the world would be able to do so. That would obviously put Defendants at a significant competitive disadvantage as compared to other out-of-state on-line retailers. Furthermore, as written, paragraph 3.4 applies to the Defendants forever, even if the relevant statutes are significantly modified or subject to new judicial interpretations. Everyone else would have the benefit of the changes in laws or interpretations while the Defendants nonetheless would remain restricted. That is an undue hardship.

Finally, the period of time of restraint is an important factor to be considered. Paragraph 3.4, as written, is perpetual. That is *per se* unreasonable.

To be consistent with the terms negotiated by the parties and to be consistent with the governing law, Defendants respectfully suggest that paragraph 3.4 should be rewritten to read as follows:

> 3.4  The Price Entities, or any business entity they own or control, shall not hereafter import into the State of Nevada and shall not distribute, sell, and/or offer for sale within the State of Nevada, and/or cause to be "cleared" into the State of Nevada, whether as a supplier, importer, wholesaler or retailer, as those terms are defined in NRS Chapter 369 and Chapter 597, or through any on-line business, any wines contained in the LT08s attached as Exhibit "A" or in the Supplemental Lists to be provided by SW&S pursuant to the Recitals above unless they are in full compliance with NRS Chapters 369, 597 or any other applicable statutes and regulations.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

## CONCLUSION

Defendants respectfully request that the Court reconsider its April 22, 2015, Order and modify paragraph 3.4 as described in this Motion.

HEJMANOWSKI & McCREA LLC

By: *Paul Hejmanowski*
Paul Hejmanowski, Bar #94
520 So. Fourth St. #320
Las Vegas, Nevada 89101

Attorneys for Defendants

I certify that on this 14th day of May, 2014, a true and correct copy of the foregoing Motion for Reconsideration was served on counsel of record through the Court's e-filing system.

*Tom L. Clancy*
An Employee of Hejmanowski & McCrea LLC

6