UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SOUTHERN WINE & SPIRITS OF AMERICA, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DANIELLE PRICE, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:14-cv-00388-JCM-PAL<br><br>ORDER<br><br>(Mot Reconsider – Dkt. #88)<br>(Mot for OSC – Dkt. #89) |

Before the court is Defendants' Motion for Reconsideration (Dkt. #88), and Plaintiff's Motion for Order to Show Cause (Dkt. #89). Defendants filed an Opposition to the Motion for an Order to Show Cause (Dkt. #90) on May 22, 2015. Plaintiff's motion for an order to show cause indicates that Plaintiff intends to file a response to the motion for reconsideration. However, the court will decide both motions without further briefing.

On April 2, 2015, the court conducted a mandatory settlement conference at the request of counsel. A binding agreement was reached. Both sides requested and agreed that I would retain jurisdiction to resolve any disputes in finalizing the written settlement and release agreement memorializing the settlement terms. The parties reached an impasse in their efforts to finalize the language of the settlement agreement and requested a telephonic status conference which the court conducted on April 16, 2015. At the telephonic conference, counsel for both sides discussed their disputes and their respective positions. The parties' disagreements were too complex for the court to resolve in the limited time available. I therefore advised counsel that I would review the drafts, correspondence and emails submitted by both sides, and set the matter for hearing to rule on the parties' disputes of the settlement terms. *See* Minutes of Proceedings (Dkt. #83).

1    At a hearing conducted April 21, 2015, E. Leif Reid and Kristen Martini appeared on behalf of the Plaintiff, and Paul Hejmanowski and Michael Price appeared on behalf of the Defendants. The court summarized the parties' agreement on the record and offered counsel an opportunity to make a record if there was any dispute about the court's summarization of the record. Neither side made any additional representations on the record and submitted the matter to me for decision.

After reviewing and considering the parties' submissions to the court in chambers and the parties' arguments at the April 16, 2015 status conference, the court made findings in a written Order (Dkt. #84) filed April 22, 2015. The order gave the parties until May 5, 2015, to execute the settlement and release agreement in the form which was attached as Exhibit A to the order. It required Defendants to deliver checks for the first installment of settlement proceeds no later than May 19, 2015, and gave the parties until May 19, 2015, to file a stipulation for dismissal with prejudice. On May 5, 2015 I approved the parties' stipulation for a 10 day extension of the date to execute the Settlement and Release Agreement "so that the parties are able to confirm all of the LT08 forms that are required to be attached to the Settlement and Release Agreement." Order (Dkt # 87). The stipulation and order explicitly provided that all other dates in the court's April 22, 2015 order "shall remain unchanged," *Id.*

Defendants' motion to reconsider asks the court to revisit the form of agreement the court determined the parties had reached during the settlement conference. Specifically, Defendants ask the court to rewrite Paragraph 3.4 of the agreement.

The Plaintiff's motion for an order to show cause seeks an order requiring the Defendants to show cause why they should not be held in contempt of court for failing to abide by the court's April 22, 2015 Order (Dkt. #84). Specifically, Defendants have failed to comply with the court's order to file a stipulation for dismissal with prejudice on or before May 19, 2015. Although the parties stipulated to a ten-day extension of time for the parties to execute the settlement and release agreement because of difficulties compiling accurate liquor wholesale designation forms ("LTO8"), the remaining deadlines established in the court's April 22, 2015 order remained in effect.

Defendants respond that the motion for an order to show cause was unnecessary because there is no dispute about the form or need for the stipulation for dismissal. Defendants would not sign the stipulation for dismissal because the court would lose jurisdiction if the dismissal was filed and dismissal entered before the court ruled on Defendants' motion for reconsideration. Defendants represent that money due under the agreement was timely paid, and Defendants have signed the agreement. A delay was encountered because Plaintiff was unable to prepare a lengthy Exhibit A (the LT08s) to the agreement in a timely fashion. Plaintiff produced the new list the evening of Monday, April 18, 2015, which Defendants began reviewing. In the meantime, Defendants proposed some additional modifications to the agreement on April 18, 2015. Plaintiff rejected the proposals and "that was the end of that." Defendants signed the agreement on Sunday, April 17, 2015. Defendants question whether Mr. Ruvo needs to re-execute the settlement agreement because his prior signature predated the last draft. (It seems apparent Mr. Hejmanowski intended to report about to exchanges May 18, 2015 rather than April 18, 2015.)

Both of these motions are a waste of this court's time. The parties agreed to a binding settlement at the April 2, 2015 settlement conference. The parties agreed that I would resolve any disputes about their settlement and its terms if they reached an impasse finalizing the settlement document. The parties reached an impasse. I resolved the disputes. I attached the form of agreement I found the parties had reached as an exhibit to my April 22, 2015 Order (Dkt. #84). The motion for reconsideration merely rehashes arguments raised in support of the Defendants' position the court should adopt their draft proposed settlement agreement over the Plaintiff's. The motion for order to show cause did not advise the court that the first installment of settlement proceeds had been paid, and that Defendants had signed the settlement agreement.

Having reviewed and considered the matters,

**IT IS ORDERED** that:

1. Defendants' Motion for Reconsideration (Dkt. #88) is **DENIED**.
2. Plaintiff's Motion for Order to Show Cause (Dkt. #89) is **DENIED.**

3

3. Defendants shall execute a stipulation for dismissal with prejudice no later than **May 27, 2015.**

4. Plaintiff's authorized agents shall execute the settlement agreement attached as Exhibit A to the court's Order (Dkt. #84) no later than **May 26, 2015**.

DATED this 22nd day of May, 2015.

                                       PEGGY A. LEEN
                                       UNITED STATES MAGISTRATE JUDGE

4